THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNA HICKS,

        Plaintiff,

    v.

CITIGROUP, INC. and CITIBANK, N.A.,

        Defendants.

CASE NO. C11-1984-JCC

ORDER

This matter comes before the Court on Plaintiff's motion for an extension of the deadline for a response to Defendant's motion to compel arbitration. (Dkt. No. 13.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and grants the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff filed this putative class action in King County Superior Court, and Defendant Citibank, N.A. removed the action to this Court on November 29, 2011. (Dkt. No. 1.) Plaintiff alleges that Defendants made unauthorized, automated calls to her cellular phone in violation of federal and Washington State law. (*Id.* at 7-18.) Defendants have moved to compel arbitration and stay the action on the grounds that Plaintiff's claims are covered by agreements governing two credit card accounts Plaintiff holds with Defendants. (Dkt. No. 11.) According to Defendants, those agreements allow either party to elect binding arbitration for the resolution of

ORDER
PAGE - 1

disputes arising out of the agreements. (*Id.*) Plaintiff now requests a one-month extension of the deadline for responding to the motion to compel. Such an extension would enable Plaintiff to oppose the motion after having received responses to pending discovery requests regarding the arbitrability of the dispute. (Dkt. No. 13 at 2.)

## II. DISCUSSION

It is within the Court's discretion to grant relief from a deadline or to "order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1); Local Rule CR 7(d). Defendants argue that the relief Plaintiff requests is unwarranted because Plaintiff has failed to demonstrate any need for arbitration-related discovery, and because allowing discovery prior to ruling on the motion to compel would frustrate the purpose of the Federal Arbitration Act ("FAA"), which is to "facilitate streamlined proceedings." *See AT&T Mobility LLC v. Concepcion*, --- U.S. ---, 131 S. Ct. 1740, 1748 (2011). Defendants cite numerous cases in which courts denied arbitration-related discovery on various grounds. (*See* Dkt. No. 15 at 6-7.)

While cognizant that under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable," the Court does not view limited discovery as to arbitrability in this instance as a threat to the goals of the FAA. *See* 9 U.S.C. § 2. The FAA states that arbitration agreements may be contested "upon such grounds that exist at law or in equity for the revocation of any contract." *Id.* The Supreme Court in *Concepcion* cited the saving clause in § 2 in noting that the FAA "preserves generally applicable contract defenses." 131 S. Ct. at 1748. Thus, discovery may be granted in connection with a motion to compel arbitration if "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue." 9 U.S.C. § 4; *see also Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999). Courts have permitted limited discovery as to arbitrability where parties have placed the validity of the arbitration agreement in issue. *See, e.g.*, *Alvarez v. T-Mobile USA, Inc.*, --- F. Supp. 2d ---, 2011 WL 4566440 (E.D. Cal. 2011); *Dun Shipping Ltd. v. Amerada Hess Shipping Corp.*, 234 F. Supp. 2d 291, 297 (S.D.N.Y. 2002);

Here, Plaintiff avers that she has no recollection of having received the subject credit card agreements, and she notes that one of the agreements provided by Defendants does not include an arbitration clause. (Dkt. No. 18 at 2; Dkt. No. 19 at 2.) She has already served discovery requests relevant, at least in part, to the validity of the arbitration agreement. Permitting Plaintiff to oppose the motion to compel arbitration with responses to those discovery requests in hand is consistent with the FAA and within the Court's discretion. The Court therefore grants Plaintiff's motion for an extension of the deadline to respond to Defendants' motion to compel arbitration.

Nonetheless, the Court notes that some of Plaintiff's discovery requests go well beyond the issue of whether the parties reached a valid agreement to arbitrate. Those include Plaintiff's entire first set of interrogatories (Dkt. No. 16 at 18-27) and requests for production 2, 9-23, and 25-27. (*Id.* at 30-42.) Defendants need not respond to those discovery requests pending resolution of the motion to compel arbitration.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for an extension of the deadline to respond to Defendants' motion to compel arbitration (Dkt. No. 13) is GRANTED. The motion to compel arbitration (Dkt. No. 11) is renoted for March 2, 2012. Defendants shall provide responses to requests for production 1, 3-8, and 24.

DATED this 26th day of January 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE